UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JOLIE INTIMATES, INC.,

                      Plaintiffs,

      -against-

AARON LEVY-SLEMAN,
ELI LEVY-SLEMAN, GABRIEL SUTTON
H.I.S. JUVENILES, INC. and INTIMATECO., LLC

                    Defendants.
-----------------------------------------------------------------X

Case No. 08/7408

**VERIFIED**
**COMPLAINT**

D. Cote (ECF Case)

      Plaintiffs, JOLIE INTIMATES, INC., by its undersigned attorneys, GOETZ FITZPATRICK LLP, as and for its Verified Complaint against defendants AARON LEVY-SLEMAN, ELI LEVY-SLEMAN, GABRIEL SUTTON H.I.S. JUVENILES, INC. and INTIMATECO., LLC. ("LEVY", "SUTTON", "H.I.S." and "INTIMATE" respectively) herein allege as follows:

## THE PARTIES

      1.    Plaintiff Jolie Intimates, Inc. is a corporation organized under the laws of the State of New York with its principal place of business located at 135 Madison Avenue, New York, New York (4th Floor).

      2.    Upon information and belief, Defendant H.I.S. JUVENILES, INC. is a corporation organized and existing under the laws of the State of New York with its principal place of business located at 131 West 33rd Street, New York, New York (11th Floor).

      3.    Defendant Aaron Levy-Sleman is a natural person, and upon information and belief residing in The County of Kings, City and State of New York.

1

4. Defendant ELI LEVY-SLEMAN is a natural person, and a former employee of JOLIE INTIMATES, INC. residing at 2180 East 2nd Street, Brooklyn, New York.

5. Defendant GABRIEL SUTTON is a natural person, and a former employee of JOLIE INTIMATES, INC., residing at 426 Quentin Road, Brooklyn, New York.

6. Upon information INTIMATECO., LLC is a corporation organized and existing under the laws of the State of New York with its principal place of business located at 131 West 33rd Street, New York, New York.

## JURISDICTION AND VENUE

7. This is a civil action brought under 18 U.S.C. § 2707 to recover both compensatory and punitive damages for defendants' tortuous conduct in accessing, without authority and in violation of 18 U.S.C. § 2701, the electronically stored data, communications, business records and correspondence of plaintiffs and disseminating same to third parties including vendors and suppliers with whom plaintiffs have ongoing business relationships.

8. This action seeks to redress irreparable harm to plaintiff's business and to recover for damages incurred by plaintiff, as a result of defendant's unlawful accessing and dissemination of plaintiff's electronically stored data and communications.

9. Plaintiff's business has been damaged throughout the country as well as internationally, including in the State of New York, as a result of defendant's activities in violation of 18 U.S.C. §2701.

10. This action seeks both compensatory and punitive damages and injunctive relief pursuant to 18 U.S.C.§2707.

11. This Court thus has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 since the case arises under federal law.

12. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 because the events giving rise to this action occurred in the Southern District of New York.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

13. Defendants ELI LEVY-SLEMAN and GABRIEL SUTTON were salesmen employed by plaintiff JOLIE INTIMATES, INC. until on or about December 31, 2007.

14. Following Mr. Levy-Sleman's termination of employment with Jolie Intimates, Inc., he initiated a lawsuit in the Supreme Court of the State of New York, County of New York, against JOLIE and CHARLES SARWAY for monetary compensation in the form of commissions to which, it is alleged in said lawsuit, he earned during his employment with Jolie which had not been paid.

15. Shortly after the lawsuit in New York State Supreme Court was initiated, the defendant's brother Aaron Levy-Sleman, contacted Charles Sarway and threatened that if the amount of money for which a recovery was sought in the New York State lawsuit was not paid immediately, then defendant ELI LEVY-SLEMAN had access to and was prepared to disseminate certain information consisting of business records, correspondence, data and communications of JOLIE, to JOLIE's suppliers, vendors and

customers which information would damage or destroy the business relationships JOLIE enjoyed with these suppliers, vendors and/or customers.

16. Charles Sarway and Jolie dismissed the threat at the time as not being credible since to Mr. Sarway's knowledge Eli Levy-Sleman was not privy to the information concerning Jolie's business which was electronically stored in Mr. Sarway's own personal e-mail account and the personal e-mail accounts of certain other Jolie officers and employees to which no one else had access.

17. However, in mid-to-late July, 2008, Mr. Sarway learned from one of Jolie's suppliers that the supplier had received via e-mail, copies of Jolie's electronically stored business data and communications, sent from the e-mail address of a defendant H.I.S. Juveniles, Inc. which maintains an office located on the 11th floor of 131 West 33rd Street in Manhattan. The electronically stored business data and communications of Jolie which had been e-mailed from the H.I.S. Juveniles, Inc. e-mail address to the Jolie supplier could only have been obtained by defendants LEVY-SLEMAN and SUTTON from two possible sources – either Charles Sarway's personal e-mail account or the personal e-mail accounts of certain other Jolie officers and employees – since they are not stored anywhere else.

18. Upon information and belief, H.I.S. Juveniles, Inc. is the over tenant for defendants' LEVY-SLEMAN's and SUTTON's newly formed business entity, IntimateCo., LLC at their offices located at 131 West 33rd Street in Manhattan for several months.

19. Defendants, in violation of 18 U.S.C.§2701 have, by some means and methods, unlawfully and without authority, beginning in February 2008, repeatedly

gained access to the private e-mail accounts of Charles Sarway or the personal e-mail accounts of certain other Jolie officers and employees where the business communications and data of JOLIE was electronically stored in furtherance of an effort to extort money from plaintiffs.

20. JOLIE has a proprietary interest, as well as a legitimate expectation of privacy in the records and documents of JOLIE thus unlawfully and improperly accessed and disseminated by the defendants.

21. While it is not alleged that defendant, H.I.S. JUVENILES, INC. has attempted to extort money from plaintiffs itself, H.I.S. JUVENILES, INC. was either a participant in the unlawful activity or was grossly negligent in allowing the other defendants access to its computer system and e-mail address, that its e-mail address was being utilized by defendants LEVY-SLEMAN, SUTTON and INTIMATECO., INC. for the unlawful purpose of disseminating JOLIE's proprietary business information, records and documents to third parties including JOLIE's suppliers, vendors and/or customers.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS AARON LEVY-SLEMAN, ELI LEVY-SLEMAN GABRIEL SUTTON AND INTIMATECO., LLC (Tortious Interference with Business Relations)

22. Plaintiffs repeat and reallege the allegations set forth in paragraphs "1" through "21" with the same force and effect as if fully set forth herein.

23. Plaintiffs enjoyed valuable business relationships with a large number of suppliers, vendors and customers in the women's apparel industry.

24. At all relevant times, the defendants knew and were fully aware of plaitniffs' business relationships with said suppliers, vendors and customers.

25. Defendants intentionally and maliciously interfered with plaintiff's business relationships by unlawfully and without authority obtaining access to plaintiffs' private, confidential and proprietary business data, communications, records and correspondence, and disseminating same via e-mail to an indeterminate number of plaintiffs' suppliers, vendors and customers in the women's apparel industry in an effort to induce or cause plaintiffs' suppliers, vendors and customers to terminate their business relationships with plaintiffs.

26. In doing so, defendants acted for a wrongful purpose and used dishonest, unlawful and improper means to interfere with plaintiffs' business relationships.

27. As a consequence of defendants' unlawful activities, defendants have caused and continue to cause irreparable injury to plaintiffs' business relationships.

28. By reason of the foregoing, defendants are liable to plaintiffs in an amount to be determined at the trial of this cause of action, but which is believed to be in excess of $5,000,000, together with costs of this action, attorneys' fees and interest from February 14, 2008.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST AARON LEVY-SLEMAN, ELI LEVY-SLEMAN, GABRIEL SUTTON and INTIMATECO, LLC
### (Extortion)

29. Plaintiffs repeat and reallege the allegations set forth in paragraphs "1" through "28" with the same force and effect as if set forth herein.

30. Defendants' activities in devising and implementing a means and method to obtain access to the electronically stored data and communications which were the sole property of JOLIE and the dissemination of same to persons and business entities with

which JOLIE enjoyed valuable business relationships had an apparent financial motivation.

31.  Defendant LEVY-SLEMAN had previously initiated a lawsuit in late January 2008 state court seeking a substantial monetary recovery for commissions he allegedly earned prior to the termination of employment with JOLIE. Shortly after the initiation of said lawsuit defendant LEVY-SLEMAN's brother AARON LEVY-SLEMAN contacted CHARLES SARWAY by telephone to threaten that if the money sought in said lawsuit was not immediately paid, the defendant would obtain access to JOLIE's electronically stored business communications and data of a sensitive an potentially damaging nature, and disseminate same to JOLIE's suppliers, vendors and customers.

32.  In July 2008, several months after the receipt of this telephone call from defendant LEVY-SLEMAN's brother, the defendants engaged in precisely the type of activity that plaintiffs had been threatened with, in furtherance of an attempt to extort money from plaintiffs.

33.  Defendants intentionally and knowingly engaged in extortionate activity, and their successful efforts to obtain unlawful and unauthorized access to JOLIE's electronically stored propriety business information and subsequent dissemination of same to JOLIE's suppliers, vendors and customers were made in furtherance of defendants' extortionate scheme and purposes.

34.  In pursuing these activities, defendants acted for a wrongful unlawful and extortionate purpose.

35. As a consequence of defendants' extortionate activities, defendants have caused and continue to cause irreparable injury to plaintiffs' business.

36. By reason of the foregoing, defendants are liable to plaintiffs in an amount to be determined at the trial of this cause of action, but which is believed to be in excess of $5,000,000 together with costs of this action, attorneys' fees and interest thereon from February 14, 2008.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS
### (Violations of 18 U.S.C. §2701

37. Plaintiffs repeat and reallege the allegations set forth in paragraphs "1" through "36" with the same force and effect as if fully set forth herein.

38. Defendants' activities in devising and implementing a means and method to obtain access to the business data and communications which were the sole property of JOLIE and which, were electronically stored on the private e-mail accounts of numerous JOLIE employees, was a clear and direct violation of federal law as set forth in 18 U.S.C. §2701 which prohibits anyone from intentionally accessing without authorization a facility through which an electronic communication service is provided, and thereby obtaining access to electronic communication while it is in electronic storage in such system.

39. Defendant H.I.S. JUVENILES, INC. was notified by counsel for JOLIE of the use of H.I.S. JUVENILES' e-mail address by the other defendants to disseminate the electronically stored data of JOLIE to third parties in late July 2008 and has failed and refused to take any corrective action to stop the practice.

40. In violating the provisions of 18 U.S.C. §2701 which prohibits anyone from accessing electronically stored communications without authorization, defendants acted wrongfully, unlawfully and improperly. As a consequence of defendants' repeated violations of 18 U.S.C. §2701, defendants have caused and continue to cause irreparable injury to plaintiffs' business.

41. By reason of the foregoing, defendants are liable to plaintiff in an amount to be determined at the trial of this cause of action, but which is believed to be in excess of $5,000,000, in compensatory damages together with costs of this action, attorneys' fees and interest thereon from July 1, 2008.

42. By reason of having willfully and intentionally violated the provisions of 18 U.S.C. §2701, defendants are liable to plaintiff for punitive damages in an amount to be determined at trial this cause of action, but which is believed to be in excess of $5,000,000, together with interest thereon from February 14, 2008, attorneys' fees and costs of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
### (Permanent Injunction)

43. Plaintiffs repeat and reallege the allegations set forth in paragraphs "1" through "42" with the same force and effect as if fully set forth herein.

44. Defendants' unauthorized access to plaintiffs' electronically stored business data and communications, was obtained in violation of applicable federal law, and was willful, wrongful, extortionate, dishonest, and intended to, and did, in fact, cause harm to plaintiff's business, and further intended to, and did, interfere with plaintiffs' rights in its proprietary and confidential information, and the defendants should not benefit from such unlawful, wrongful and improper conduct.

45. Monetary damages are inadequate to compensate plaintiffs.

46. Unless enjoined, defendants' wrongful conduct is likely to recur and will continue to cause further irreparable harm to plaintiffs' business in terms of damage to its commercial interests and endeavors.

47. Plaintiffs have no adequate remedy at law to prevent defendants from further acts of obtaining unauthorized access to plaintiffs' electronically stored business data and communications, and further acts of dissemination of plaintiffs' electronically stored business data and communications previously obtained.

48. By reason of the foregoing, plaintiff is entitled under the equitable powers of this Court to be a permanent injunction enjoining defendants from gaining access by any means to plaintiffs' electronically stored data and communications, and further, enjoining defendants from disseminating said electronically stored data and communications to any third party, and further, requiring defendants to turn over to plaintiffs any and all business information of JOLIE's which defendants have obtained to date through unauthorized access as afore described.

49. Plaintiffs have no adequate remedy at law.

50. Plaintiff's demand trial by jury.

WHEREFORE, plaintiff JOLIE INTIMATES, INC. respectfully requests that this Court enter a judgment:

(a) Awarding plaintiff on its First Cause of Action for Tortious Interference with Business Relations damages in an amount to be determined at trial, but not less than $5,000,000 together with interest thereon from February 14, 2008, attorneys' fees, costs and disbursements of this action;

(b) Awarding plaintiff on its Second Cause of Action for Extortion damages in an amount to be determined at trial, but not less than $5,000,000 together with interest thereon from February 14, 2008, attorneys' fees, costs and disbursements of this action;

(c) Awarding plaintiff on its Third Cause of Action for repeated violations of 18 U.S.C. §2701 compensatory damages pursuant to 18 U.S.C. §2707 in an amount to be determined at trial, but not less than $5,000,000, together with interest thereon from February 14, 2008, attorney's fees, costs and disbursements of this action;

(d) Awarding plaintiffs on their Third Cause of action for intentional and willful repeated violations of 18 U.S.C. §2701 punitive damages pursuant to 18 U.S.C. §2707 in an amount to be determined at trial, but not less than $5,000,000, together with interest thereon from February 14, 2008 attorneys fees, costs and disbursements of this action;

(e) On its Fourth Cause of Action for a Permanent Injunction: (i) permanently enjoining and restraining defendants, their officers, agents, servants, employees, attorneys, and those persons in active concert or participation and these persons otherwise in privity with them.

    (A) From directly or indirectly, in whole or in part, obtaining through unauthorized access any electronically stored business data, communications, records, correspondence or other business information proprietary to JOLIE INTIMATES, INC. or CHARLES SARWAY;

(B)     From disseminating, directly or indirectly, in whole or in part, any electronically stored business data, communications, records, correspondence or other business information proprietary to JOLIE INTIMATES, INC. or CHARLES SARWAY to any third parties whatsoever; (i) Ordering defendants and all those to whom defendants have disseminated plaintiff's proprietary business information, in whole or in part, directly or indirectly to:

(C)     Deliver to plaintiffs' counsel all such documents, and all copies of such proprietary information, regardless of medium; and

(D)     Delete and otherwise remove from computer hard drives and all other means of electronic storage in a permanent manner all copies of said proprietary information, and derivations thereof. (iii) Ordering defendants to file with the Court and serve upon plaintiffs' counsel within thirty (30) days after service upon defendants of this Court's injunction issued in this action, a written report, signed under oath, setting forth reasonable and sufficient detail the manner in which defendants have complied with such injunction; and

(F)     Awarding plaintiffs such other and further relief as to the Court may seem just and proper.

Dated: New York, New York
       August 20, 2008

                                    GOETZ FITZPATRICK LLP
                                    By: /s/ Paul M. Weidenbaum
                                         Paul M. Weidenbaum, Esq.
                                    Attorneys for Plaintiff
                                    Jolie Intimates, Inc.
                                    One Penn Plaza, 44th Floor
                                    New York, NY 10119
                                    (212) 695-8100

W:\jBejarano\Paul\Jolie Intimates\Verified Complaint.doc

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X    Case No.

JOLIE INTIMATES, INC.,

**VERIFICATION**

                    Plaintiffs,

-against-

AARON LEVY-SLEMAN,
ELI LEVY-SLEMAN, GABRIEL SUTTON
H.I.S. JUVENILES, INC. and INTIMATECO., LLC

                    Defendants.
------------------------------------------------------------------X

STATE OF NEW YORK)
                    ss. :
COUNTY OF NEW YORK)

      CHARLES SARWAY, being duly sworn, deposes and says:

      I am the President of plaintiff, JOLIE INTIMATES, INC. in the above-captioned action, that I have read the foregoing Verified Complaint and know the contents thereof; that the same is true to my knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

                                              CHARLES SARWAY

ACKNOWLEDGMENT TAKEN IN NEW YORK STATE

      On the 20 day of August in the year 2008, before me, the undersigned, personally appeared CHARLES SARWAY, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity and that by his signature on the instrument, the individual or the person upon behalf of which the individual acted executed the instrument.

                                              NOTARY PUBLIC

MAXINE RAND
Notary Public, State of New York
No. 01RA4844958
Qualified in Nassau County
Commission Expires Nov. 30, 2009

Index No.    Year

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOLIE INTIMATES, INC.,

    Plaintiff,

- against -

AARON LEVY-SLEMAN,
ELI LEVY-SLEMAN, GABRIEL SUTTON,
H.I.S. JUVENILES, INC. and
INTIMATECO., LLC,

    Defendant.

===

VERIFIED COMPLAINT

===

Signature (Rule 130-1.1-a)

_____
Print name beneath

===

GOETZ FITZPATRICK LLP

*Attorneys for* Plaintiff- JOLIE INTIMATES, INC.
*Office and Post Office Address, Telephone*
ONE PENNSYLVANIA PLAZA, SUITE 4401
NEW YORK, NEW YORK 10119-0196
(212) 695-8100

To
Attorney(s) for

Service of a copy of the within is hereby admitted.
Dated

_____
Attorney(s) for

1500 — **Blumberg**Excelsior Inc., NYC 10013

---

NOTICE OF ENTRY

PLEASE take notice that the within is a *(certified)* true copy of a duly entered in the office of the clerk of the within named court on

Dated,

    Yours, etc.

GOETZ FITZPATRICK LLP
*Attorneys for*
*Office and Post Office Address*
ONE PENNSYLVANIA PLAZA, SUITE 4401
NEW YORK, NEW YORK 10119-0196

To
Attorney(s) for

===

NOTICE OF SETTLEMENT

PLEASE take notice that an order of which the within is a true copy will be presented for settlement to the Hon.
one of the judges of the within named Court, at
on                       M.
at
Dated,

    Yours, etc.

GOETZ FITZPATRICK LLP
*Attorneys for*
*Office and Post Office Address*
ONE PENNSYLVANIA PLAZA, SUITE 4401
NEW YORK, NEW YORK 10119-0196

To
Attorney(s) for